Filed 12/30/25  P. v. Avent CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUFUS ADOLPHUS AVENT,<br><br>    Defendant and Appellant. | C101761<br><br>(Super. Ct. No. 74800) |

Defendant Rufus Adolphus Avent appeals from a post-evidentiary hearing order denying his petition for resentencing under Penal Code section 1172.6.  He contends the trial court prejudicially erred in admitting his parole hearing transcripts and comprehensive risk assessments because they contain self-incriminating statements that were (1) subject to use immunity and (2) involuntary.  We disagree with his first contention and deem the second forfeited and affirm the order.

Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

In 1987, defendant pled guilty to second degree murder (§ 187, subd. (a)), and the trial court sentenced him to 15 years to life in prison.

1

After the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.), defendant in 2019 filed a petition for resentencing.  The trial court initially denied the petition at the prima facie stage.  We reversed and remanded, directing the trial court to issue an order to show cause.  (*People v. Avent* (Nov. 15, 2022, C093581) [nonpub. opn.].)

On remand, defendant filed a motion in limine for an evidentiary hearing, seeking to exclude his statements made in prior parole hearings, among other things.  The People moved to admit comprehensive risk assessments prepared by psychologists for the board of parole hearings without live witness testimony.  The People intended to impeach defendant with the statements he made in the comprehensive risk assessments.

The trial court admitted the parole hearing transcripts and comprehensive risk assessments over defendant's objections.  Regarding the comprehensive risk assessments, the trial court stated it would consider only defendant's statements to the examining psychologists.

After the evidentiary hearing, the trial court found defendant guilty under a currently valid theory of murder and denied the petition.  Defendant timely appeals.

DISCUSSION

Defendant contends the trial court prejudicially erred in admitting his statements made in the comprehensive risk assessments and at the parole hearings because they were (1) subject to use immunity and (2) involuntary.  We disagree with his first contention and deem the second forfeited.

In 2018, the Legislature passed Senate Bill No. 1437 to redefine murder liability. (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449.)  Senate Bill No. 1437 also added section 1172.6, which created a procedure for those convicted of murder under the former law to petition the trial court for resentencing.  (*Curiel*, at p. 449.)

Under section 1172.6, once a defendant makes a prima facie showing of entitlement to relief, the trial court "must in most cases convene an evidentiary hearing where the People bear the burden of establishing beyond a reasonable doubt that the

2

defendant is guilty of the pertinent crime under the new, narrower definitions. (§ 1172.6, subds. (c) & (d).)" (*People v. Duran* (2022) 84 Cal.App.5th 920, 927 (*Duran*).)

At the evidentiary hearing, the trial court may consider "new or additional evidence." (§ 1172.6, subd. (d)(3).) It is well established that a defendant's statements in a parole risk assessment report and testimony at a parole hearing fall within the ambit of "new or additional evidence." (*People v. Zavala* (2024) 105 Cal.App.5th 366, 373 (*Zavala*).)

Defendant contends his statements in the comprehensive risk assessments and testimony at the parole hearings were subject to use immunity under *People v. Coleman* (1975) 13 Cal.3d 867 (*Coleman*) and its progeny. We join other appellate courts in rejecting this contention after a de novo review. (*Zavala, supra*, 105 Cal.App.5th at pp. 373-374; *Duran, supra*, 84 Cal.App.5th at p. 930; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 588 (*Mitchell*); *People v. Anderson* (2022) 78 Cal.App.5th 81, 93; *People v. Myles* (2021) 69 Cal.App.5th 688, 705-706.)

In *Coleman*, our Supreme Court held that a defendant's testimony at a probation revocation proceeding was inadmissible against him at a later trial to prove guilt on the related criminal charges. (*Coleman, supra*, 13 Cal.3d at p. 889.) This immunity "is based on the same policies that underlie the privilege against self-incrimination; first, the policy which requires the state to carry its burden of proving guilt without the defendant's compelled personal assistance, and second, the policy against subjecting a defendant to the ' " 'cruel trilemma of self-accusation, perjury, or contempt.' " ' " (*People v. Carter* (1993) 19 Cal.App.4th 1236, 1248.) "[L]ater cases have treated *Coleman* as creating a limited species of use immunity grounded in California's constitutional guarantee against self-incrimination." (*Ibid.*) Thus, "[w]here the privilege against self-incrimination is not implicated, the rationale for immunities at issue in *Coleman* … disappears." (*People v. Anderson, supra*, 78 Cal.App.5th at p. 93.)

A section 1172.6 evidentiary hearing does not implicate the privilege against self-incrimination. "By its plain text, the privilege applies only during a 'criminal case' or 'cause.' [Citations.] Once a defendant's 'sentence has been fixed and the judgment of conviction has become final,' the 'general rule' is that 'there can be no further incrimination' and hence 'no basis for the assertion of the privilege.' " (*Duran, supra*, 84 Cal.App.5th at p. 930.) A section 1172.6 evidentiary hearing is "an act of lenity and not a criminal trial." (*People v. Myles, supra*, 69 Cal.App.5th at pp. 705-706.) And "[d]uring the hearing itself, a defendant's final judgment of conviction is still intact." (*Duran*, at p. 931.) Thus, the premise for immunity in *Coleman* does not exist in a section 1172.6 evidentiary hearing. Defendant's reliance on *Simmons v. United States* (1968) 390 U.S. 377 fails for the same reason. (*Id.* at p. 394 [a defendant's testimony in support of a motion to suppress evidence on Fourth Amendment grounds may not thereafter be admitted against him at trial on the issue of guilt].)

Defendant urges us to follow Presiding Justice Stratton's dissent in *Mitchell* where she reasoned the evidentiary hearing "is analogous in many respects to a bench retrial" and the Legislature intended for the hearing to "be treated with the same solemnity and under the same rules as was the initial trial." (*Mitchell, supra*, 81 Cal.App.5th at pp. 603-604 (dis. opn. of Stratton, P.J.).) But unlike a trial, a section 1172.6 evidentiary hearing " 'does not subject a defendant to the risk of additional punishment.' " (*People v. Schell* (2022) 84 Cal.App.5th 437, 444.) And the Legislature "could have directed that qualifying offenders receive a new trial by a new jury on the critical factual questions" yet did not do so. (*People v. Clements* (2022) 75 Cal.App.5th 276, 297.) Rather, the Legislature chose to require "trial judges to decide the critical factual questions based—at least in some cases — on a cold record." (*Ibid.*)

Defendant summarily contends that the trial court should have found his statements at the parole hearings and in the comprehensive risk assessments involuntary because of the coercive nature of parole hearings in general and in his particular case.

4

But he provides no legal authority or record citation to support this point.  We thus deem this claim forfeited.  (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 [we may disregard conclusory arguments that are not supported by pertinent legal authority].)

DISPOSITION

The order is affirmed.


/s/
MESIWALA, J.



We concur:



/s/
MAURO, Acting P. J.



/s/
BOULWARE EURIE, J.